## MORNING JOURNAL ASS'N v. HARRIS.

### (Supreme Court, Appellate Term.   February 23, 1905.)

1. APPEAL—FINDINGS OF LOWER COURT—EVIDENCE—SUFFICIENCY.

   In an action to recover for advertising done for defendant, evidence *held* to support the finding of the trial justice that plaintiff did not agree to submit to defendant a proof of his advertisements to be approved by him before publication.

2. SAME—CONCLUSIVENESS.

   The trial justice, having had the witnesses before him, and observed their conduct and demeanor while testifying, is better able to judge of their credibility and determine the weight to be given their testimony than is the appellate court.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Morning Journal Association against Moses H. Harris. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Samuel Sturtz, for appellant.

Clarence J. Shearn (MacDonald De Witt, of counsel), for respondent.

GIEGERICH, J.   This action was brought to recover the sum of $259.06 for advertising done for the defendant, under a written contract, in "Das Morgen Journal," a newspaper published by the plaintiff in the German language in the city of New York. The evidence in behalf of the plaintiff tended to show that, after the contract in suit was signed, the defendant, at frequent intervals, handed to the plaintiff's advertising agent a so-called advertising copy, consisting of copies of advertisements which he had caused to be inserted in other newspapers in English, and clipped therefrom by him (the defendant), with instructions to have the same translated from the English into the German language, and published in the plaintiff's newspaper pursuant to the contract; that all matter so given to such advertising agent was in each instance correctly translated, and published in the plaintiff's newspaper according to the defendant's direction; and that on other occasions the defendant told such agent to reprint certain of his advertisements which had already appeared in plaintiff's newspaper. It further appeared from the evidence adduced in plaintiff's behalf that the defendant's advertisements continued to appear in the plaintiff's newspaper during the months of March, April, and May, on nearly every other day, until early in June, 1904, when, the defendant having failed to pay for any of the advertisements, the plaintiff refused to accept any more orders; that the defendant promised to pay the bill several times, and gave the advertising agent more copies to insert in the newspaper, and expressed himself as much pleased with the advertisements, saying that he had bought real estate, and for that reason could not then pay the bill, but that he would pay it. It was

admitted by the defendant upon the trial that the number of lines in the advertisements sued on, and the value thereof, were correct, provided the insertions were ordered and made. He denied having promised to pay the plaintiff's bill, and claimed that it was agreed between him and the advertising agent that certain matter printed in English should be translated by the plaintiff into German, and a proof thereof submitted to him (the defendant), who was to O. K. it before it was published, and that such German translation was neither submitted to nor approved by him prior to its publication. On the other hand, the advertising agent testified positively that he never made any such agreement with the defendant. The written contract in controversy does not contain any provision for the submission of a proof to the defendant, and his approval thereof before publication, and, in our opinion, there was sufficient evidence to support the finding of the justice that no arrangement of the character claimed by the defendant was made. While it is true that the evidence upon this point is conflicting, and that the justice might have found either way, it is not true, as contended by the defendant, that it preponderated in his favor. On the contrary, the probabilities, the documentary proof, and the circumstances surrounding the whole transaction support the view taken by the justice, who, having had the witnesses before him, and observed their conduct and demeanor while testifying, was undoubtedly better able to judge of their credibility and determine the weight to be given to their testimony than is this appellate court.

We are unable to discover any ground for disturbing the judgment, which should be affirmed, with costs.

Judgment affirmed, with costs. All concur.